UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RAIN CII CARBON LLC                                  CIVIL ACTION

VERSUS                                               NO. 13-744

PHILLIPS 66 COMPANY                                  SECTION "C" (4)

ORDER AND REASONS

Before the Court are three motions: (1) defendant Phillips 66 Company's ("Phillips") motion to dismiss or, alternatively, stay pending arbitration ("motion to dismiss"); Case No. 13-744, Rec. Doc. 9; (2) plaintiff Rain CII Carbon LLC's ("Rain CII") motion for preliminary injunction; Case No. 13-744, Rec. Doc. 11; (3) Rain CII's motion to stay; Case No. 13-744, Rec. Doc. 20. All motions are opposed. Having considered the record, the complaint, the memoranda of counsel and the law, the Court GRANTS the motion to dismiss and declines to rule on the other two motions for the following reasons.

I. BACKGROUND

The facts of this case where thoroughly briefed in case number 09-4169, record document 97. The Court reiterates those facts here, and adds only what has transpired in this case since then. Phillips and Rain CII entered into a long-term agreement dated August 23, 2005 for the supply of green anode coke ("coke"). Case No., 096149, Rec. Doc. 90. Section 4(a) of the agreement contains a complicated formula for calculating the current market price of the coke over the duration of the agreement. *Id.* at 5. Section 4(c) of the agreement permits the parties to re-open price negotiations in the event that either party reasonably concludes that the price

1

formula does not accurately reflect relevant market conditions. *Id.* at 7. If the parties are unable to re-negotiate the price formula, either party may declare an impasse and the matter will be submitted to arbitration conducted in accordance with arbitration provisions included in Section 19 of the agreement. *Id*. In addition to addressing dispute resolution procedures, Section 19 states: "[a]ny controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration . . . ." *Id.* at 14. In the case of arbitration regarding the price formula, the parties are each responsible for proposing a "replacement mechanism" price formula to the arbitrator, who is then authorized to select the price formula that will most accurately reflect market conditions. *Id.* at 7.

Phillips initiated price formula re-negotiations in 2007. *Id*. at 20. Beginning in 2009, Rain CII began purchasing coke from Phillips, under protest, at the replacement mechanism price formula advocated by Phillips. *Id.* at 24-25. That same year, Phillips demanded arbitration. *Id.* at 4. On March 7, 2011, an arbitrator ruled in favor of the price formula advocated by Rain CII–the same price formula included in the original agreement. *Id.* at 23. The arbitrator ruled that the original price formula "shall remain in effect for the balance of the term as stated in the contract." *Id.* The ruling also awarded a money judgment of $17,702,585.33 for, among other damages, the coke purchased by Rain CII under protest at the price formula advocated by Phillips. *Id.* at 24-25. The ruling stated that the "Award is final and binding with respect to all claims and counterclaims presented to the arbitrator. All relief not expressly granted herein, is denied." Rec. *Id.* at 27.

Following the arbitration ruling, Phillips filed a motion for the Court to vacate the arbitration award. Case No. 09-4169, Rec. Doc. 47. Rain CII filed a cross-motion to confirm the

arbitration ruling. Case No. 09-4169, Rec. Doc. 59. The Court denied Phillips' motion and granted Rain CII's cross-motion, confirming the arbitration ruling. Case No. 09-4169, Rec. Doc. 71. The parties do not dispute that the Court's order granting Rain CII's cross-motion gave the arbitration ruling the same force and effect as a judgment of the Court. *See* 9 U.S.C. §13 (2013); *see also* Case No. 09-4169, Rec. Doc. 77-1 at 1; Case No. 09-4169, Rec. Doc. 96 at 5.

The Court then granted Phillips' motion to approve a supersedeas bond, allowing Phillips to appeal the Court's judgment without first paying the money judgment to Rain CII. Case No. 09-4169, Rec. Doc. 83. On April 3, 2012, the Fifth Circuit affirmed the Court's order confirming the arbitration ruling. Case No. 09-4169, Rec. Doc. 84. On April 6, 2012, the parties jointly represented to the Court that the money judgment had been satisfied in full. Case No. 09-4169, Rec. Doc. 87.

Rain CII then brought a motion before this Court where it argued that Phillips had failed to satisfy the Court's judgment by seeking to initiate a new arbitration proceeding to re-calculate the price formula. Case No. 09-4169, Rec. Doc. 90. At issue was the following language in Section 4(c) of the agreement between Rain CII and Phillips:

> "The [arbitrator's] selected replacement mechanism shall remain in effect for at least eight quarters, after which either party may reinitiate the [arbitration] process described in the preceding sentence if the party reasonably concludes that the replacement mechanism does not accurately reflect changes in relevant market conditions arising after selection of the replacement mechanism." Case No. 09-4169, Rec. Doc. 90-3 at 7.

Rain CII advocated for a construction of the arbitration ruling and of its agreement with Phillips that makes explicit "that the replacement mechanism [price formula] selected would remain in effect 'for the balance of the term of the contract' or for at least eight quarters 'as

3

stated in the contract.'" Case No. 09-4169, Rec. Doc. 96 at 4. Rain CII made the conclusion that the arbitrator's selected replacement mechanism price formula did not become final for the purposes of triggering the eight-quarter clause until the Fifth Circuit affirmed the Court's judgment; therefore, Rain CII argued that Phillips was violating the terms of the judgment by seeking arbitration regarding the price formula on or before April 2, 2014.[1] Case No. 09-4169, Rec. Doc. 90-1 at 6. Rain CII's motion requested an order "prohibiting and nullifying Phillips' attempt to circumvent the Court's Judgment by attempting to invoke the price re-opener provision of the 2005 Contract prematurely and in violation of the eight-quarter requirement contained in the 2005 Contract." Case No. 09-4169, Rec. Doc. 90 at 2.

In response to the past motion to enforce judgment, Phillips countered that a new dispute, never before addressed or settled by arbitration or the Court's judgment, had arisen over whether the eight-quarter provision tied to the date of the arbitration ruling or the finally appealed judgment. *See* Case No. 09-4169, Rec. Doc. 92 at 8-12; *see also* Case No. 09-4169, Rec. Doc. 73. Phillips argued that this new dispute should be settled by arbitration pursuant to Section 19 of the agreement, not by the Court on a Rule 70 motion. Case No. 09-4169, Rec. Doc. 92 at 11-12. Phillips also argued that Rain CII had not provided a sufficient legal argument for this Court to conclude that the eight-quarter period did not start until the Fifth Circuit affirmed the Court's judgment. Case No. 09-4169, Rec. Doc. 92 at 14-15.

This Court denied Rain CII's motion to enforce judgment. Case No. 09-4169, Rec. Doc. 97. The Court decided that because Rain CII could not show that the arbitration ruling contained an interpretation of the eight-quarter provision, the Court should defer judgment on the disputed

---

[3]In its reply to Phillips' memorandum in opposition, Rain CII argued that the eight-quarter period would not conclude until June 30, 2014. Case No. 09-4169, Rec. Doc. 96 at 9.

meaning of the provision until it was first submitted to an arbitrator. Case No. 09-4169, Rec. Doc. 97 at 10. The Court was not satisfied that the previous arbitration award contained an interpretation of the eight-quarter provision that would prohibit Phillips from once again seeking arbitration over the price formula. *Id.* at 11. Therefore, the Court ruled that because the agreement between the parties requires that any claim arising out of or relating to the agreement will be resolved by arbitration, and the force of that provision is supported by the Fifth Circuit, it would be inappropriate to grant the Rule 70 order that would include a "first pass" interpretation of the eight-quarter provision in Section 4(c) that had not previously been ruled upon by an arbitrator. *Id.* at 11. Therefore, the Court denied the motion. *Id.*

Following the denial of the motion to enforce judgment, Rain CII filed a motion to stay enforcement of the order pending appeal under Rule 62(c) of the Federal Rules of Civil Procedure. Case No. 09-4169, Rec. Doc. 99. The Court heard oral argument on the motion and denied it. Case No. 09-4169, Rec. Doc. 111. Phillips argued that the stay would reward the moving party the ultimate relief because it would permit Rain CII to delay arbitration until April 2014, when the eight-quarter provision expires under one calculation, or longer, which is exactly what Rain CII was seeking in its motion to enforce judgment. Case No. 09-4169, Rec. Doc. 114, Tr. at 18. The Court found that Rain CII had not met the extraordinary circumstances that would be required to be met to get a stay. *Id.*, Tr. at 19. It found that Rain CII had not shown irreparable harm, nor that there was a public interest in the stay. *Id.*

When Rain CII was not able to receive the remedy it desired in case number 09-4169, it filed the present case, against the same party, Phillips, asking for the same remedy. Case No. 13-744, Rec. Doc. 1. Rain CII asked the Court to "enforce its Judgment by issuing an order

5

prohibiting and nullifying Phillips' attempt to circumvent the Court's Judgment by attempting to invoke the price re-opener provision of [the] 2005 Contract prematurely and in violation of the eight-quarter requirement contained in the 2005 Contract incorporated into the Award elevated by the Judgment." *Id.* at 7.  Rain CII also seeks injunctive relief, enjoining any attempt by Phillips to circumvent the Court's Judgment by attempting to invoke the price re-opener provision of the 2005 Contract prematurely and in violation of the eight-quarter requirement contained in the 2005 Contract incorporated into the Award elevated by the Judgment. *Id.* at 8. Rain CII asks the Court for a declaratory judgment that Phillips cannot invoke the price re-opener provision before June 30, 2014 without violation of the Court's Judgment, which elevated the Award incorporating the 2005 Contract. *Id.* at 9.

## II. LAW AND ANALYSIS

**A. Standard of Review for a Motion to Dismiss**

In general, when considering a motion to dismiss under Rule 12(b)(6), the court must take the well-pleaded factual allegations of the complaint as true. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).  The plaintiff must plead sufficient facts to state a claim for relief that is "plausible on its face;" the plaintiff's right to relief must be raised "above the speculative level" by the factual allegations. *Id.*  Conclusory allegations or legal conclusions serving as factual conclusions will not prevent dismissal.  *United States ex rel. Bain v. Georgia Gulf Corp.*, 386 F.3d 648, 654 (5th Cir. 2004).  A complaint should not be dismissed for failure to state a claim unless it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284-85 (5th Cir. 1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Generally, the *res judicata* effect of a prior judgment, under a variation of *res judicata* such as collateral estoppel, must be pleaded as an affirmative defense rather than brought in a 12(b)(6) motion to dismiss. *Test Masters*, 428 F.3d 559, 570 n.2 (5th Cir. 2005). However, if a plaintiff fails to object to the defendant raising *res judicata* in a motion to dismiss, the plaintiff does not preserve a challenge to the defendant's use of a motion to dismiss for this purpose, and therefore the issue of *res judicata* may be evaluated under the motion to dismiss. *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (deciding on whether a case was *res judicata* when the defendant moved for the Court to do so in a 12(b)(6) motion because the plaintiff had not challenged defendant's use of a motion to dismiss to invoke *res judicata*); *Test Masters*, 428 F.3d at 570 & n.2 (finding that where the opposing party did not challenge the moving party's ability to argue *res judicata* in a motion to dismiss rather than in its response to a motion for summary judgment, the Court could evaluate *res judicata* in the motion to dismiss); *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (explaining that while generally a *res judicata* contention cannot be brought in a motion to dismiss, the Fifth Circuit has also held that any contention that a Rule 12(b)(6) motion was not the proper remedy to raise *res judicata*, such as collateral estoppel, is waived by failure to properly raise it).

### B. Judicial Review Under The Federal Arbitration Act

The Federal Arbitration Act ("FAA") provides the means for enforcing arbitral awards, via a judicial decree confirming, vacating, modifying, or correcting an award. *See* 9 U.S.C. §§ 9-13; *see also Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 578 (2008). The Court's review of an arbitral award under the FAA is exceedingly deferential. *Brabham v. A.G. Edwards & Sons, Inc.*, 376 F.3d 377, 380 (5th Cir. 2004). "The federal courts will defer to the arbitrators'

resolution of the dispute whenever possible." *Anderman/Smith Operating Co. V. Tennessee Gas Pipeline Co.*, 918 F.2d 1215, 1218 (5th Cir. 1990).

**B. Collateral Estoppel**

Rain CII has not objected to Phillips raising the issue of collateral estoppel in a 12(b)(6) motion to dismiss. Case No. 13-744, Rec. Doc. 16. Rain CII has not preserved its appeal on this issue, and therefore the Court may evaluate the issue of collateral estoppel at this stage of the litigation.

The Fifth Circuit has relied on a four factor test to assess when collateral estoppel is appropriate. To find that collateral estoppel is appropriate, and that a party is barred from relitigation of an issue previously decided by a court of competent jurisdiction, a court must find that: (1) the issue under consideration is identical to that litigated in the prior action; (2) the issue was fully and vigorously litigated in the prior action; (3) the issue was necessary to support the judgment in the prior case; and (4) there is no special circumstance that would make it unfair to apply the doctrine. *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 391 (5th Cir. 1998) (citing *Copeland, et al. v. Merrill Lynch & Co. et al.*, 47 F.3d 1415, 1422 (5th Cir. 1995)).

Phillips argues that the issue at stake in this action is identical to the one at stake in Rain CII's motion to enforce judgment in case number 09-4169 because Rain CII is once again asking the Court to rule on the eight-quarter requirement and is making a materially identical request for relief. Case No. 13-744, Rec. Doc. 9 at 14. Phillips argues that therefore the first prong of the *Winters* test is met. *Id.* Phillips argues that the second prong of the test is also met because the issue was actually litigated in the previous case. *Id.* at 15. Phillips argues that the issue was necessary to support the judgment in the prior case, which was issued in the Court's Order and Reasons on June 28, 2011. Case No. 09-4169, Rec. Doc. 97. Phillips explains that there is no

requirement that a trial or evidentiary hearing be conducted in order for a case to be actually litigated. *Id.* at 16 (citing *In re Keaty*, 397 F.3d 264, 271 (5th Cir. 2005)). Lastly, Phillips argues there are no special circumstances at issue in this case. *Id.* at 12, n.36.

Rain CII opposes each of Phillips' claims by arguing that (1) the issues raised are not identical because Rain CII did not ask for an injunction in its previous Rule 70 motion in case number 09-4169, (2) the previous case was not actually litigated because the Court did not decide on the merits since it declined to enforce judgment, and (3) the Court's deferral of the merits to the arbitrator did not constitute a necessary part of its judgment for collateral estoppel purposes because the Court deferred the issue to the arbitrator as premature and declined to resolve the issue on the merits. Case No. 13-744, Rec. Doc. 16 at 6-10 & 13.

In *Petro-Hunt*, the Fifth Circuit demonstrated when to apply collateral estoppel to preclude a party from relitigating a case. 365 F.3d 385, 397 (5th Cir. 2004). The Fifth Circuit explained that in ruling that the United States was precluded from re-litigating the applicability of Act 315 to the Good Pine servitudes, the district court did not specify what particular issues were actually litigated in the previous case. *Id.* at 398. The Fifth Circuit, therefore, conducted its own analysis of which legal issues had been previously litigated. The Fifth Circuit concluded that a court should apply collateral estoppel if it finds that a case is raising the same "pure questions of law" as a previous case. 365 F.3d at 398. The Fifth Circuit elaborated that collateral estoppel precludes a party from litigation of an issue already raised in any earlier action between the same parties only if: (1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action. *Id.* at 397. The Fifth Circuit

emphasized that "[c]ollateral estoppel prevents parties from re-litigating the same issue conclusively determined between them in a previous action. *Id.* at 398.

Regardless of how Rain CII phrases its request for relief (for injunctive, declaratory or other relief), it is asking the Court for the same remedy now that it previously requested in case number 09-4169.  The FAA requires the Court to defer to the arbitrator on interpretation of the eight-quarter provision. The Court ruled on the merits of the exact issue of whether the Court must defer to the arbitrator in the same exact situation at issue here in case number 09-4169. Rec. Doc. 97 at 11. The merits of that decision were that "a 'first pass' interpretation of the disputed eight-quarter provision in Section 4(c)" should be first taken up in arbitration.  *Id.*  It was the Court's ruling, based on the merits, that arbitration should clarify whether or not Phillips may reinitiate price formula arbitration. *Id.*  The parties vigorously litigated this exact issue, which supported the court's judgment in the previous case. *Id.*  Furthermore, there are no special issues that support relitigation of that issue here.  In fact, the Court could provide nothing new in this case because, as it has already decided, the issue must first be taken up by the arbitrator. Therefore, Rain CII is collaterally estopped from bringing this issue before the Court.  The issue makes up the entire substantive question of this case.  Therefore, the case must be dismissed.

In dismissing this case, the Court declines to rule on Phillips' alternative remedy of a stay, Rain CII's motion for preliminary injunction, or Rain CII's motion to stay. Case No. 13-744, Rec. Docs. 11 & 20.

Rain CII is reminded of the importance of judicial economy and cautioned against wasting this Court's time or raising the same issue for relief again. *Testmasters*, 428 F.3d at 574 (sympathizing that public policy favors barring relitigation because of the onerous burden placed on the court and the parties in constantly re-litigating a matter).

Accordingly,

IT IS ORDERED that defendant's motion to dismiss is GRANTED. Case no. 13-744, Rec. Doc. 9.

IT IS FURTHER ORDERED that plaintiff's motion for preliminary injunction is MOOT. Rec. Doc. 11.

IT IS FURTHER ORDERED that plaintiff's motion to stay is MOOT. Rec. Doc. 20.

New Orleans, Louisiana, this 30th day of September, 2013.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**